1   Lori E. Andrus (SBN 205816)
    lori@andrusanderson.com
2   Jennie Lee Anderson (SBN 203586)
    jennie@andrusanderson.com
3   Audrey Siegel (SBN 286771)
    audrey.siegel@andrusanderson.com
4   Leland H. Belew (SBN 293096)
    leland.belew@andrusanderson.com
5   ANDRUS ANDERSON LLP
    155 Montgomery Street, Suite 900
6   San Francisco, CA  94104
    Telephone:   (415) 986-1400
7   Facsimile:    (415) 986-1474

8   *Attorneys for Plaintiff*

9   Gary S. Pancer (SBN 160223)
    gary.pancer@wislonelser.com
10  Peter Chu (SBN 251705)
    peter.chu@wilsonelser.com
11  WILSON ELSER MOSKOWITZ
       EDELMAN & DICKER LLP
12  555 S. Flower Street, Suite 2900
    Los Angeles, CA 90071
13  Telephone: (213) 330-8741
    Facsimile: (213) 442-5100

14

15  *Attorneys for Defendants*
    *BabyBjörn AB and BabySwede, LLC*

16

17                  UNITED STATES DISTRICT COURT

18          FOR THE CENTRAL DISTRICT OF CALIFORNIA

19

20  O.T., a minor, through her guardian *ad*
    *litem,*                                  Case No.: 2:20-cv-04517-MCS-KS
21                  Plaintiff,
                                              **[PROPOSED]** **STIPULATED**
22           vs.                              **PROTECTIVE ORDER**

23  BABYBJÖRN AB and
24  BABYSWEDE, LLC,
                    Defendants.
25

26

27      Plaintiff O.T., by and through her guardian *ad litem*, Natalie Trujillo

28  ("Plaintiff") and BabyBjörn AB and Babyswede, LLC, ("Defendants") agree as

1 follows:

2     1. A. <u>Purposes and Limitations</u>

3     Discovery in this Action is likely to involve production of confidential,

4 proprietary, or private information for which special protection from public

5 disclosure and from use for any purpose other than prosecuting this litigation may

6 be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

7 enter the following Stipulated Protective Order. The parties acknowledge that this

8 Order does not confer blanket protections on all disclosures or responses to

9 discovery and that the protection it affords from public disclosure and use extends

10 only to the limited information or items that are entitled to confidential treatment

11 under the applicable legal principles. The parties further acknowledge, as set forth in

12 Section 12.3, below, that this Stipulated Protective Order does not entitle them to

13 file confidential information under seal; Civil Local Rule 79-5 sets forth the

14 procedures that must be followed and the standards that will be applied when a party

15 seeks permission from the Court to file material under seal.

16     B. <u>Good Cause Statement</u>

17     This action is likely to involve medical records, trade secrets, design

18 documents, patents, research, development, commercial, financial, technical and/or

19 proprietary information for which special protection from public disclosure and from

20 use for any purpose other than prosecution and defense of this action is warranted.

21 Such confidential and proprietary materials and information consist of, among other

22 things, confidential business or financial information, information regarding

23 confidential business practices, or other confidential research, development, or

24 commercial information (including information implicating privacy rights of third

25 parties), information otherwise generally unavailable to the public, or which may be

26 privileged or otherwise protected from disclosure under state or federal statutes,

27 court rules, case decisions, or common law.  Accordingly, to expedite the flow of

28

1  information, to facilitate the prompt resolution of disputes over confidentiality of

2  discovery materials, to adequately protect information the parties are entitled to keep

3  confidential, to ensure that the parties are permitted reasonable necessary uses of

4  such material in preparation for and in the conduct of trial, to address their handling

5  of such material at the end of the litigation, and serve the ends of justice, a protective

6  order covering such information is justified in this matter.  It is the intent of the

7  parties that information will not be designated as confidential for tactical reasons and

8  that nothing be so designated without a good faith belief that it has been

9  maintained in a confidential, non-public manner, and there is good cause why it

10 should not be part of the public record of this case.

11        2.    DEFINITIONS

12        2.1    Action: this pending federal lawsuit.

13        2.2    Challenging Party: a Party or Non-Party that challenges the designation

14 of information or items under this Order.

15        2.3    "CONFIDENTIAL" Information or Items: information (regardless of

16 how it is generated, stored or maintained) or tangible things that qualify for

17 protection under Federal Rule of Civil Procedure 26(c), and as specified above in the

18 Good Cause Statement.

19        2.4    Counsel: Outside Counsel of Record and House Counsel (as well as

20 their support staff).

21        2.5    Designating Party: a Party or Non-Party that designates information or

22 items that it produces in disclosures or in responses to discovery as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24 ONLY."

25        2.6    Disclosure or Discovery Material: all items or information, regardless

26 of the medium or manner in which generated, stored, or maintained (including,

27 among other things, testimony, transcripts, and tangible things), that are produced or

28

1   generated in disclosures or responses to discovery in this matter.

2       2.7   Expert: a person with specialized knowledge or experience in a matter

3   pertinent to the litigation who has been retained by a Party or its Counsel to serve as

4   an expert witness or as a consultant in this Action.

5       2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6   Information or Items: extremely sensitive "Confidential Information or Items,"

7   disclosure of which to another Party or Non-Party would create a substantial risk of

8   serious harm that could not be avoided by less restrictive means.

9       2.9   House Counsel: attorneys who are employees of a Party to this Action.

10  House Counsel does not include Outside Counsel of Record or any other outside

11  counsel.

12      2.10   Non-Party: any natural person, partnership, corporation, association or

13  other legal entity not named as a Party to this action.

14      2.11   Outside Counsel of Record: attorneys who are not employees of a Party

15  to this Action but are retained to represent or advise a Party to this Action and have

16  appeared in this Action on behalf of that Party or are affiliated with a law firm that

17  has appeared on behalf of that Party, and includes support staff.

18      2.12   Party: any party to this Action, including all of its officers, directors,

19  employees, consultants, retained experts, and Outside Counsel of Record (and their

20  support staff).

21      2.13   Producing Party: a Party or Non-Party that produces Disclosure or

22  Discovery Material in this Action.

23      2.14   Professional Vendors: persons or entities that provide litigation support

24  services (e.g., photocopying, videotaping, translating, preparing exhibits or

25  demonstrations, and organizing, storing, or retrieving data in any form or medium)

26  and their employees and subcontractors.

27      2.15   Protected Material: any Disclosure or Discovery Material that is

28

-4-      Case No.: 2:20-cv-04517-MCS-KS

[PROPOSED] STIPULATED PROTECTIVE ORDER

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

 2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

from a Producing Party.

 3. <u>SCOPE</u>

 The protections conferred by this Stipulation and Order cover not only

Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material.

 Any use of Protected Material at trial shall be governed by the orders of the

trial judge.  This Order does not govern the use of Protected Material at trial.

 4. <u>DURATION</u>

 Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

or without prejudice; and (2) final judgment herein after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

 5. <u>DESIGNATING PROTECTED MATERIAL</u>

 5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

 Each Party or Non-Party that designates information or items for protection

under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards.  The Designating Party must designate for

protection only those parts of materials, documents, items or oral or written

communications that qualify so that other portions of the materials, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   which documents it would like copied and produced. During the inspection and
2   before the designation, all of the documents made available for inspection shall be
3   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the
4   inspecting Party has identified the documents it wants copied and produced, the
5   Producing Party must determine which documents, or portions thereof, qualify for
6   protection under this Order.  Then, before producing the specified documents, the
7   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
9   contains Protected Material.  If only a portion of the material on a page qualifies for
10  protection, the Producing Party also must clearly identify the protected portion(s)
11  (e.g., by making appropriate markings in the margins) and must specify, for each
12  portion, the level of protection being asserted.

13          (b) for testimony given in depositions, that the Designating Party identifies the
14  Disclosure or Discovery Material on the record, before the close of the deposition,
15  all protected testimony.

16          (c) for information produced in some form other than documentary and for
17  any other tangible items, that the Producing Party affix in a prominent place on the
18  exterior of the container or containers in which the information is stored the legend
19  "CONFIDENTIAL."  If only a portion or portions of the information warrants
20  protection, the Producing Party, to the extent practicable, shall identify the protected
21  portion(s).

22          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent
23  failure to designate qualified information or items does not, standing alone, waive
24  the Designating Party's right to secure protection under this Order for such material.
25  Upon timely correction of a designation, the Receiving Party must make reasonable
26  efforts to assure that the material is treated in accordance with the provisions of this
27  Order.

28

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of CONFIDENTIAL Information or Items.  Unless otherwise ordered by the Court or permitted by the Designating Party, a Receiving

1   Party may disclose any information or item designated CONFIDENTIAL only to:

2           (a) the Receiving Party's Outside Counsel of Record in this Action;

3           (b) the partners and employees (including House Counsel) of the Receiving

4   Party to whom disclosure is reasonably necessary for this Action, as well as

5   employees of said Outside Counsel of Record to whom it is reasonably necessary to

6   disclose the information for this Action;

7           (c) Experts (as defined in this Order) of the Receiving Party to whom

8   disclosure is reasonably necessary for purposes of this Action and who have signed

9   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10          (d) the Court and its personnel;

11          (e) court reporters, videographers and their staff;

12          (f) professional jury or trial consultants, mock jurors, and Professional

13   Vendors who have signed the "Acknowledgment and Agreement to Be Bound"

14   (Exhibit A);

15          (g) the author or recipient of a document containing the information or a

16   custodian or other person who the Parties agree in writing otherwise already

17   possessed or knew the information;

18          (h) during their depositions, witnesses, and attorneys for witnesses, in the

19   Action to whom disclosure is reasonably necessary provided: (1) the witness signs

20   the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) they will

21   not be permitted to keep any confidential information, unless otherwise agreed by

22   the Designating Party or ordered by the Court. Pages of transcribed deposition

23   testimony or exhibits to depositions that reveal Protected Material may be separately

24   bound by the court reporter and may not be disclosed to anyone except as permitted

25   under this Stipulated Protective Order;

26          (i) any mediator or settlement officer, and their supporting personnel, mutually

27   agreed upon by the Parties engaged in settlement discussions; and

28

-9-        Case No.: 2:20-cv-04517-MCS-KS

[PROPOSED] STIPULATED PROTECTIVE ORDER

(j) any other person to whom the Designating Party agrees in writing or on the record.

7.3     Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.  Unless otherwise ordered by the Court or permitted by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, videographers and their staff;

(e) the author or recipient of a document containing the information or a custodian or other person who the Parties agree in writing otherwise already possessed or knew the information;

(f) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions;

-10-        Case No.: 2:20-cv-04517-MCS-KS
[PROPOSED] STIPULATED PROTECTIVE ORDER

(g) any other person to whom the Designating Party agrees in writing or on the record

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), that Party must:

(a) promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Stipulated Protective Order are applicable to information

1    produced by a Non-Party in this Action and designated CONFIDENTIAL or

2    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Such information

3    produced by Non-Parties in connection with this Action is protected by the remedies

4    and relief provided by this Stipulated Protective Order.  Nothing in these provisions

5    should be construed as prohibiting a Non-Party from seeking additional protections.

6          (b) In the event that a Party is required, by a valid discovery request, to

7    produce a Non-Party's confidential information in its possession, and the Party is

8    subject to an agreement with the Non-Party not to produce the Non-Party's

9    confidential information, then the Party shall:

10         (1) promptly notify the Requesting Party and the Non-Party in writing that

11   some or all of the information requested is subject to a confidentiality agreement

12   with a Non-Party;

13         (2) promptly provide the Non-Party with a copy of the Stipulated Protective

14   Order in this Action, the relevant discovery request(s), and a reasonably specific

15   description of the information requested; and

16         (3) make the information requested available for inspection by the Non-Party,

17   if requested.

18         (c) If the Non-Party fails to seek a protective order from this Court within 14

19   days of receiving the notice and accompanying information, the Receiving Party

20   may produce the Non-Party's confidential information responsive to the discovery

21   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

22   not produce any information in its possession or control that is subject to the

23   confidentiality agreement with the Non-Party before a determination by the Court.

24         Absent a court order to the contrary, the Non-Party shall bear the burden and

25   expense of seeking protection in this Court of its Protected Material.

26         10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28
                                    -12-        Case No.: 2:20-cv-04517-MCS-KS

                              [PROPOSED] STIPULATED PROTECTIVE ORDER

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to a Receiving Party that inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   to object on any ground to the use in evidence of any of the material covered by this

2   Stipulated Protective Order.

3        12.3 Filing Protected Material. A Party that seeks to file under seal any

4   Protected Material must comply with Local Civil Rule 79-5.  Protected Material may

5   only be filed under seal pursuant to a court order authorizing the sealing of the

6   specific Protected Material at issue.  If a Party's request to file Protected Material

7   under seal is denied by the Court, then the Receiving Party may file the Protected

8   Material in the public record unless otherwise instructed by the Court.

9        13.  <u>FINAL DISPOSITION</u>

10        After the final disposition of this Action, as defined in paragraph 4, within 60

11   days of a written request by the Designating Party, each Receiving Party must return

12   all Protected Material to the Producing Party or destroy such material.  As used in

13   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14   summaries, and any other format reproducing or capturing any of the Protected

15   Material.  Whether the Protected Material is returned or destroyed, the Receiving

16   Party must submit a written certification to the Producing Party (and, if not the same

17   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

18   (by category, where appropriate) all the Protected Material that was returned or

19   destroyed and (2) affirms that the Receiving Party has not retained any copies,

20   abstracts, compilations, summaries or any other format reproducing or capturing any

21   of the Protected Material.  Notwithstanding this provision, Plaintiff's counsel may

22   retain a single copy of all papers and documents containing Defendants' Protected

23   Material filed with the Court, and Plaintiff's counsel's own work product (including

24   document used to develop legal thoughts and litigation strategy) that contain

25   Defendants' Protected Material, and such retention will be subject to the express

26   terms of the Stipulated Protective Order and Defendants' Protected Material shall be

27   expressly prohibited from being used in other litigation or for any purpose outside of

28

1   this litigation.  Any such materials, including electronically-held materials, that

2   contain or constitute Protected Material remain subject to this Protective Order as set

3   forth in Section 4 (DURATION).  Plaintiff does not have a right to Defendants'

4   Protected Material.

5       <u>VIOLATION</u>

6       Any violation of this Stipulated Protective Order may be punished by

7   appropriate measures including, without limitation, contempt proceedings and/or

8   monetary sanctions and/or equitable relief.

9       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10
11  DATED: February 8, 2022        ANDRUS ANDERSON LLP

12                                 By:_____ */s/ Lori E. Andrus*
                                        LORI E ANDRUS
13
                                   Attorneys for Plaintiff O.T.
14
15  DATED:  February 8, 2022       WILSON ELSER MOSKOWITZ EDELMAN &
                                   DICKER LLP
16                                 By:_____ */s/ Suma S. Thomas*
                                        SUMA S. THOMAS
17
18                                 Attorneys for Defendants

19  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

20
21
22  Date: February 9, 2022
23                                 HON. KAREN L. STEVENSON
                                   UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28
                                   -15-     Case No.: 2:20-cv-04517-MCS-KS
                         [PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California in the case of *O.T. v. Babybjorn AB, et al.*, C.D.

Cal., No. 2:20-cv-04517-MCS-KS.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt and other

equitable relief. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or

type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

## **ECF ATTESTATION**

2       I, Lori E. Andrus, hereby attest, pursuant to United States District Court,

3   Central District of California Civil Local Rule 5-1(i)(3), that concurrence to the

4   filing of this document has been obtained from the signatory above.

5

6   Date: February 8, 2022                    By:

7

8

9

10

11                                              Lori E. Andrus

12                                        ANDRUS ANDERSON LLP
                                          155 Montgomery Street, Suite 900
13                                        San Francisco, CA 94104
                                          Telephone: (415) 986-1400
14                                        Facsimile: (415) 986-1474

15

16                                        *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

                              -17-        Case No.: 2:20-cv-04517-MCS-KS
                      [PROPOSED] STIPULATED PROTECTIVE ORDER