Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Leland H. Belew (SBN 293096)
leland@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA  94104
Telephone:    (415) 986-1400
Facsimile:    (415) 986-1474

*Attorneys for Plaintiff O.T.*

Gary S. Pancer (SBN 160223)
gary.pancer@wislonelser.com
Suma S. Thomas (pro hac vice)
suma.thomas@wilsonelser.com
Peter Chu (SBN 251705)
peter.chu@wilsonelser.com
WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER LLP
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 330-8741
Facsimile: (213) 442-5100

*Attorneys for Defendants BABYBJORN
AB, BABYSWEDE, LLC*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

|  |  |
|---|---|
| O.T., through her guardian *ad litem*,<br><br>Plaintiff,<br><br>vs.<br><br>BABYBJORN AB, BABYSWEDE, LLC,<br><br>Defendants. | Case No.  2:20-cv-04517<br><br>**JOINT STIPULATION RE DISCOVERY DISPUTES**<br><br>Hearing Date:  March 23, 2022<br>Hearing Time: 10:00 a.m.<br>Judge:          Hon. Karen Stevenson<br>Courtroom:    580<br><br>Discovery Cutoff: July 25, 2022<br>Pre-Trial Conference: Jan. 23, 2023<br>Trial: Feb. 7, 2023 |

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

# TABLE OF CONTENTS

Page(s)

I.  **PLAINTIFF'S INTRODUCTION** ...................................................................... 1

II. **PLAINTIFF'S ARGUMENT** ........................................................................... 3

    A. Plaintiff Need Not Provide Documentary Proof of Purchase Before Discovery Can be Directed at BabyBjörn. ........................................ 3

    B. BabyBjörn Waived All Objections. ................................................................. 4

    C. Plaintiff's Requests Are Relevant and Proportional. ...................................... 6

        1. The Documents Plaintiff Seeks Are Relevant and Proportional. ................................................................................................ 6

    D. Plaintiff Need Not Seek Discovery From BabyBjörn Before Seeking Discovery From Third Parties. ........................................................... 9

III. **PLAINTIFF'S CONCLUSION** ...................................................................... 11

**DEFENDANT'S INTRODUCTION** ................................................................... 12

**DEFENDANTS' ARGUMENTS** ......................................................................... 16

I.  Plaintiff Should Seek BabyBjörn's documents from BabyBjörn prior to enforcing the Subpoenas on Dr. Price, IHDI and Orlando Health Given the Disputed Issues Regarding  Product Identification, Relevance and Privilege (Issue No. 2) .................................. 16

II. Plaintiff's Failure to Produce Objective Product Identification, and Production of an Exemplar of a Different Baby Carrier Prejudices Defendants' Ability to Respond to Discovery and the Scope of Discovery and What is Relevant Remains Unknown (Issue No. 3) ................................................................................................ 21

III. No Waiver Occurred as BabyBjorn Has Raised its Objections and the Parties Were in the Midst of Meeting and Conferring

    (Issue No. 4) ...................................................................................................... 24

## I.    **PLAINTIFF'S INTRODUCTION**

Plaintiff served BabyBjörn AB ("BabyBjörn") with her First Requests for Production of Documents ("Requests" or "RFPDs") on November 12, 2021. The original deadline was December 16, two months prior to the date of this filing.

On December 1, 2021, at the request of BabyBjörn's Counsel, Counsel for Plaintiff extended the deadline to January 7, 2022, with the express condition that the parties would begin the meet and confer process in a meet and confer call on December 20, 2021, and with the understanding that BabyBjörn's responses would be substantive, and not simply objections. *See* Declaration of Lori E. Andrus ("Andrus Declaration" or "Andrus Decl."), filed concurrently, Exh. 1. The call took place as planned on December 20, 2021. Plaintiff's Counsel promptly followed up with a letter, on December 22, 2021, addressing all of the Requests, and narrowing some of the Requests to address BabyBjörn's concerns. *See* Andrus Decl., Exh. 2. In that letter, Plaintiff's Counsel also asked for information necessary to substantiate BabyBjörn's burden objections (requesting, for example, information regarding the volume, location(s) and accessibility of responsive documents). *Id.* This information has never been provided. *Id.*

Also in the December 22nd letter, Plaintiff's Counsel invited a further meet and confer call during the week of December 27, and requested that Counsel for BabyBjörn provide availability for such a call. *Id.* Despite the fact that the parties exchanged multiple drafts of the protective order and the Rule 16/26 Joint Statement during the week of December 27th, Counsel for BabyBjörn ***never*** responded to Plaintiff's December 22nd letter, and did not seek ***any*** further meet and confer discussion until ***after*** BabyBjörn's deadline to respond had passed. *Id.*, ¶ 3. At no time did Counsel for BabyBjörn ask for an additional extension of time to respond. *Id.* Nor did she ever advise Plaintiff's Counsel of her misguided belief that the parties' meet and confer somehow obviated her obligation to respond timely. *Id.*

1

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

But BabyBjörn has another excuse: Plaintiff must first provide documentary proof that she owned the subject baby carrier before any discovery can be directed at BabyBjörn.[1]  Essentially, according to BabyBjörn, a defendant may declare a unilateral stay of discovery until it is satisfied with Plaintiff's proof of purchase. Apparently BabyBjörn believes that a defendant does not even have to preserve its objections by a discovery deadline unless it agrees that it has been properly included in the lawsuit.

During the Scheduling Conference on Monday, January 3, 2022, Judge Mark Scarsi warned Counsel for BabyBjörn:

> [I]n a perfect world, you'd have plenty of time to allow your clients to get back from vacation and negotiate a protective order and stagger things.  But I think if you need to do it quicker, you could.  And the Court is going to give you a schedule that's going to require you to move faster than that."

*See* Andrus Decl., Exh. 3, Jan. 3, 2022 Scheduling Conference Transcript, pp. 12:23-13:3.  He even went so far as to warn BabyBjörn's Counsel that, despite the absence of the subject baby carrier: "you don't want to risk putting yourself in the same situation by not being responsive to discovery."  *Id*., p. 13:7-8.  And to Plaintiff's Counsel Judge Scarsi was equally clear: "I'm going to put you on a more aggressive fact discovery schedule.  What that means is you may not be able to be as cooperative with the other side with respect to extensions and things."  *Id.*, p. 10:16-20.

The week of January 3rd was a critical one for BabyBjörn's Counsel.  She could have sought an additional extension from Plaintiff's Counsel, but she did not. She could have provided responses consisting solely of objections, but she did not. She could have advised Plaintiff's Counsel of her position that the parties' meet and confer efforts (which she abandoned by not responding to Plaintiff's December

---

[1] In the December 22nd letter, Plaintiff's Counsel asked BabyBjörn's Counsel to provide any authority she had to support BabyBjörn's position.  *See* Andrus Decl., Exh. 2.  BabyBjörn's Counsel did not respond.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

22nd letter) were ongoing and, based on that, she would not be responding by the Friday, January 7th deadline.  She did not.  She did ***none*** of these things which ***might*** have preserved BabyBjörn's objections; and, even a month after Judge Scarsi's express warnings, BabyBjörn ***still*** has not responded to Plaintiff's Requests.

Fact discovery closes in less than six months, on July 25, 2022.  *See* Andrus Decl., Order, Exh. 4.[2]  Plaintiff has already lost valuable time to prepare her case for trial and, with every day that passes, she is further prejudiced.

As discussed herein, Plaintiff's Requests seek relevant materials that are proportionate to the needs of the case.  By entirely failing to respond, BabyBjörn has waived all objections.  Accordingly, all responsive materials should be produced without further delay.

## II.    PLAINTIFF'S ARGUMENT

### A. Plaintiff Need Not Provide Documentary Proof of Purchase Before Discovery Can be Directed at BabyBjörn.

There is no basis for a defendant to refuse to respond to discovery until after it obtains documentary proof of product ownership.  Instead, the scope of discovery is bound by the allegations in the Complaint.  *See* Rule 26(b)(1); *see also Scherer v. FCA US, LLC*, 538 F.Supp.3d 1002, 1005 (S.D Cal. 2021) ("[T]he allegations in the complaint dictate what evidence is discoverable.") (*quoting Trabulski v. Wells Fargo Bank Nat'l Ass'n*, Case No. 8:17-cv-2088-JLS-SK, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018)).  Additionally, "discovery is not conducted on a tit-for-tat basis[:] discovery by one party does not require any other party to delay its discovery."  *See National Academy of Recording Arts & Sciences, Inc.*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) (*quoting* Fed. R. Civ. Proc. 26(d)(2)); *see also Fresenius*

---

[2] Despite having less than six months for the completion of all discovery, BabyBjörn still has not propounded ***any*** discovery on Plaintiff.  This inaction is truly baffling: if BabyBjörn wants more information about the purchase of the baby carrier, why hasn't it sought that information through the discovery process?

266532726v.1

1  *Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Ca. 2004)

2  ("A party may not condition its compliance with its discovery obligations on

3  receiving discovery from its opponent.") (citation omitted).

4       To put an even finer point on it, a defendant cannot unilaterally declare

5  discovery to be categorically improper based on its own interpretation of the

6  bounds of discoverability.  *See Walker v. AT&T Benefit Plan No. 3*, 338 F.R.D.

7  658, 661-62 (C.D. Cal. 2021).  In *Walker*, the Court denied a motion for protective

8  order, finding that the defendant's "sweeping argument for a categorical bar to

9  discovery" based on its production of the "administrative record" in an ERISA

10  action, was a "distorted line of reasoning" that was unsupported by "common

11  sense."  *Id*.  Similarly, in *Scherer*, the district court rejected "defendant's

12  interpretation" of the proper scope of discovery.  *See Scherer*, 538 F.Supp.3d at

13  1005.

14       In fact, even if BabyBjörn had taken some action to address its concern that

15  Plaintiff no longer has the baby carrier, such as a motion for summary judgment,

16  discovery would still proceed.  The Federal Rules do not provide for a blanket stay

17  when a dispositive motion is pending.  *See Infanzon v. Allstate Ins. Co.*, 335 F.R.D.

18  305, 312 (C.D. Cal. 2020) (citation omitted).

19       In her Initial Disclosures, Plaintiff has provided photographs of an exemplar

20  baby carrier of the type she used (and that was manufactured during the same time

21  period).  Plaintiff's own testimony, as well as testimony from other witnesses—

22  appropriate and admissible evidence—will also be relied on at trial to establish

23  ownership.  Plaintiff has also recently propounded requests for BabyBjörn to

24  produce the warranty/product registration records for O.T.'s baby carrier.[3]

25       BabyBjörn's refusal to respond to discovery is unwarranted.

26  **B. BabyBjörn Waived All Objections.**

27       By refusing to respond to discovery, BabyBjörn has waived its objections.

28

---

[3] Ironically, BabyBjörn's ***own records*** may cure the ailment of which it complains.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

*See Anson v. Weinstein*, Case No. CV 17-8360-GW (KSx), 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019).  In *Anson*, after missing the deadline to respond to requests for production, the plaintiff provided written responses three weeks late, then belatedly produced responsive documents the day before the hearing on defendant's motion to compel.  *Id*. at *1.  This Court held that the failure to respond timely resulted in waiver.  *Id*. at *4 (*citing Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)).

Notably, the Court did not examine each of the 41 requests for production of documents for adequacy; rather, simply ordered the plaintiff in *Anson* to produce all responsive, non-privileged, documents within 14 days.  *Id*. at *1, n. 1, and *4.[4] Finally, the Court held that plaintiff's counsel's staffing problem did not constitute good cause, nor did the Woolsey fire justify a wholesale failure to respond since:

> there is no evidence on the record to suggest that he ever attempted to contact defendant counsel to explain the circumstances and seek an extension of time to serve discovery response.  Indeed, a simple phone call, email, or even a text message could have alleviated the need for this motion entirely.

*Id*. at *2, n.3, and *3.  Just as in *Anson*, the failure of BabyBjörn's Counsel here to seek an additional extension, or to confirm her belief that the deadline should be held in abeyance pending some future further meet and confer, warrants a finding of waiver.[5]

The holding in *Anson* is not unique.  This Court, and others in this district, have routinely held that objections are waived when a party fails to raise it or fails

---

[4] As in *Anson*, the Court need not review the individual Requests propounded in this lawsuit.  Plaintiff nevertheless addresses issues of relevance and proportionality below, and in the event the Court wishes rule on the individual Requests, Plaintiff attaches them as Exhibit 5 to the Andrus Declaration.

[5] As an alternative, BabyBjörn could have moved for a protective order.  *See National Academy*, 256 F.R.D. at 682 (noting that "defendant has inexplicably failed to move for a protective order."); *see also Infanzon*, 335 F.R.D. at 310 (noting that plaintiff's counsel could have, but did not, file a motion to stay or a motion for protective order, but instead simply failed to respond to discovery).

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

1  to respond to discovery altogether.  *See e.g., Apriori Technologies, Inc. v.*

2  *Broquard*, Case No. CV 16-9561-JAK (KS), 2017 WL 6876191, at *6 (C.D. Cal.

3  Oct. 31, 2021); *Reyes v. County of Los Angeles*, Case No. CV 19-5209-GW (KS),

4  2020 WL 6595086, at *4 (C.D. Cal. Sept. 11, 2020); *Poturich v. Allstate Ins. Co.*,

5  Case No. EDCV 15-0081-GW (KKx), 2015 WL 4334419, at *2 (C.D. Cal. Jul. 15,

6  2015).

7      In some circumstances, even a waiver of privilege-based objections is

8  warranted.  *See e.g., Dugger v. Trinity Broadcasting Network*, Case No. SACV 09-

9  290 AG (ANx), 2010 WL 11526788 (C.D. Cal. Jan. 5, 2010).  Given the significant

10  passage of time since the extended deadline of January 7th, BabyBjörn's Counsel

11  has had plenty of opportunity to redeem her failure to provide a privilege log.  She

12  has not.  Thus, a waiver of privilege objections is also warranted here.

13  **C. Plaintiff's Requests Are Relevant and Proportional.**

14  Parties may obtain discovery regarding any nonprivileged matter that is relevant
   to any party's claim or defense and proportional to the needs of the case,

15  considering the importance of the issues at stake in the action, the amount in
   controversy, the parties' relative access to relevant information, the parties'

16  resources, the importance of the discovery in resolving the issues, and whether
   the burden or expense of the proposed discovery outweighs its likely benefit.

17  Information within this scope of discovery need not be admissible in evidence to
   be discoverable.

18

19  *See* Fed. R. Civ. Proc. 26(b)(1).

20      **1. The Documents Plaintiff Seeks Are Relevant and Proportional.**

21      The documents Plaintiff seeks are relevant to the claims and defenses in this

22  case.  Plaintiff seeks evidence regarding BabyBjörn's wearable baby carriers,

23  including design/patent documents, research/testing documents, documents

24  examining the potential link between baby carrying and hip dysplasia, customer

25  complaints, documents relating to the recent discontinuation of sales of the subject

26  baby carrier (the "Original" BabyBjörn Baby Carrier), communications with

27  scientists/academics regarding hip dysplasia, regulatory documents,

28  labeling/warnings/social media promotion documents, manuals, and packaging.

6

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

1  *See* Andrus Decl., Exh. 5.

2         Based on the allegations in the Second Amended Complaint, these types of

3  documents will tend to show whether BabyBjörn's baby carriers are defective, and

4  what BabyBjörn knew about their potential to cause or contribute to hip dysplasia

5  in infants. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000)

6  ("A complaint guides the parties' discovery, putting the defendant on notice of the

7  evidence it needs to adduce in order to defend against the plaintiff's allegations.").

8         Additionally, Plaintiff's Requests are proportionate to the needs of the case.

9  The first proportionality factor in Rule 26(b)(1) – "the importance of the issues at

10 stake in the action" – weighs heavily in favor of discovery here. The safety of

11 infants is a central issue in this case. Though it is an individual case, a

12 determination that certain wearable baby carriers have the propensity to cause, or

13 even to contribute to, hip dysplasia in young children would be of great importance

14 to parents and pediatricians everywhere. Further, infants who develop hip

15 dysplasia, like O.T., suffer greatly at a young age. Depending on the severity of

16 their condition, they will, at a minimum, be confined for hours a day, for months at

17 a time, in a "Pavlic harness," or a hard "Rhino" brace, to correct the misalignment.

18 In worse cases, like O.T.'s, surgeries are required. Infants who have hip dysplasia,

19 even if it is resolved in childhood, are susceptible to the early onset of

20 osteoarthritis. The consequences of using a baby carrier that does not provide

21 sufficient support and proper positioning of the baby's hips—as opposed to a "hip

22 healthy" baby carrier—thus justifies a robust inquiry into the manufacturer's

23 knowledge of the dangers its products pose. "Although this is not a case involving,

24 for instance, constitutional rights or matters of national significance, to these

25 particular litigants, it is a matter of grave importance." *Fassett v. Sears Holding*

26 *Corp.*, 319 F.R.D. 143, 150 (M.D. Penn. 2017) (permitting discovery, over

27 proportionality objections, of five different Sears lawnmowers given the similarities

28 shared with the subject lawnmower's gas tank design).

7

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

1       The remaining proportionality factors are also met in this case. Based on

2   jury verdicts and arbitration awards in cases presenting similar facts, Plaintiff

3   anticipates that the amount in controversy ranges between $250,000 and

4   $2,000,000. *See e.g., Gondrez v. Maller*, 1995 WL 690436 (Los Angeles County

5   Super. Ct., Mar. 1995) (plaintiff's verdict of $268,000 in medical malpractice suit

6   involving surgery to correct late diagnosis of hip dysplasia in three-year old child);

7   *White v. Hotchner*, 2004 WL 1919667 (Orange County Super. Ct., Apr. 2004)

8   ($2,054,115 arbitration award in plaintiff's favor involving a total hip replacement

9   at 54 years old, following up on surgical intervention to address plaintiff's hip

10  dysplasia at 7 years of age).

11      The parties' relative access to relevant information also weighs in Plaintiff's

12  favor since BabyBjörn manufactured the subject baby carrier. Similarly,

13  consideration of the parties' respective resources supports Plaintiff's Requests

14  given the lop-sided nature of the litigants: an individual minor Plaintiff up against a

15  60-year old international corporation. The importance of the discovery in resolving

16  the issues again weighs in Plaintiff's favor, since BabyBjörn manufactured the

17  subject baby carrier. Finally, the burden or expense of the proposed discovery does

18  not outweigh its likely benefit.[6] If Plaintiff were to discover wearable baby carriers

19  without sufficient support for healthy hip development might cause hip dysplasia,

20  the likely benefit to tens of thousands of other children would be enormous.

21      For all of these reasons, Plaintiff's Requests are proportionate to the needs of

22  the case. To be sure, this Court has previously found that analogous document

---

[6] Plaintiff has made attempts to understand the costs associated with the collection and production of BabyBjörn's responsive documents. More than six weeks ago Plaintiff's Counsel inquired (in a telephone call and in Plaintiff's December 22nd letter) about the volume, location(s) and accessibility of responsive materials. *See* Andrus Decl., Exh. 2. BabyBjörn has remained silent, however, insisting only that the Requests are "overly burdensome." Such conclusory statements are insufficient, and leave BabyBjörn with no viable argument that the costs associated with discovery outweigh the likely benefit.

8

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

requests in another product liability case were so.  *See Biorn v. Wright Medical Technology, Inc.*, Case No. 15-7102-CAS (KSx), 2017 WL 10434388 (C.D. Cal. Jan. 25, 2017).  The defendant In *Biorn*, a medical device manufacturer, argued that documents relating to a different hip replacement device that it manufactured (made of titanium) in addition to the subject device (made of cobalt) were disproportionate to the needs of the case.  *Id.* at *3-4.  The plaintiffs argued that the devices both had the propensity to break in a similar fashion, so documents relating to the problem with the titanium devices would tend to show notice of the defect, and allow for a comparison of alternate designs.  The Court agreed that such materials were relevant to the strict liability issues presented and that they were proportionate to the needs of the case.  *Id*. at *4;[7] *see also Strategic Partners, Inc. v. FIGS, Inc.*, Case No. CV 19-2286-GW (KSx), 2020 WL 2527056, *7 (C.D. Cal. Feb. 6, 2020) (finding research and development documents relevant to the claims and defenses in a false advertising dispute, and proportionate to the needs of the case); *Strategic Partners, Inc. v. FIGS, Inc.*, Case No. CV 19-2286-GW (KSx), 2021 WL 4813646, *11 (C.D. Cal. Aug. 12, 2021) (finding information about tests performed on the product probative of liability issues at the core of the case and proportionate to the needs of the case).

### D. Plaintiff Need Not Seek Discovery From BabyBjörn Before Seeking Discovery From Third Parties.

There is no requirement that Plaintiff must first seek relevant documents from BabyBjörn before subpoenaing third parties.  Not only do the Federal Rules of Civil Procedure permit discovery concerning any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case (*see* Fed. R. Civ. Proc. 26(b)), but they are also explicit that "methods of discovery may be used in any sequence."  *See* Fed. R. Civ. Proc. 26(d)(3)(A); *see also Mass.*

---

[7] Notably, the Court also permitted a ten-year period for responsive documents, the same time period sought in this case.  *Id.* at *5.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

*Mutual Life Ins. Co. v. Reingold*, Case No. 2:19-cv-5428-GW (SKx), 2020 WL 12016704, *2 (C.D. Cal. Jan. 31, 2020) (holding "methods of discovery may be used in any sequence"); *Vargas v. County of Los Angeles*, Case. No. 19-3279 PSG (ASx), 2020 WL 10052399, *1 (C.D. Cal. Jun. 4, 2020) (same); *Inglis v. Wells Fargo Bank, N.A.*, Case No. 2:14-cv-677, 2016 WL 4193858, *2 (M.D. Fla. Aug. 9, 2016) (same).

In an analogous case from the Eastern District of Michigan, *Trier v. Genesee County*, the district court refused to quash subpoenas that were issued very early in the case (and before discovery between the parties had occurred). *Id.*, Case. No. 2:17-cv-10236, 2017 WL 5897056, at *1-2 (E.D. Mich. Aug. 2, 2017). Over the plaintiffs' objection that the defendants could have obtained the same information via discovery requests, the court held that,

> [w]hile it is true that Defendants *could have* proceeded by first obtaining damage information from Plaintiffs through interrogatories, document requests or depositions, and thereafter sought corroborating or contradictory evidence by subpoenaing the Plaintiff's customers, there is no requirement that they refrain from first obtaining information directly from the customers and clients.

*Id.* at *3 (emphasis in original). As another district court noted, there is no authority "to suggest that the Plaintiff cannot use different discovery tools to gather relevant information regarding the claims and defenses at issue in the action — even when those discovery tools may separately yield the same or substantially similar documents." *See Bartch v. Barch*, Civil Action No. 18-cv-03016-MSK-NYW, 2019 WL 10255031, *5 (D. Colo. Dec. 9, 2019).[8,9]

---

[8] Of course, Plaintiff's subpoenas do not merely seek BabyBjörn's documents in possession of third parties; they seek a broader set of documents, *see* Andrus Decl., Exhs. 6-8. Undoubtedly some (potentially substantial) set of unique documents (in the possession only of the third parties) would be withheld were the Court to allow BabyBjörn to stand in the way of the third parties' cooperation, or at the very least would increase the cost and difficulty of responding to Plaintiff's subpoenas.

[9] The merits of any motion to quash by the third parties (or any motion for protective order, should BabyBjörn decide to file one) will be decided independently of the present dispute regarding discovery directed at BabyBjörn.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

1       Simply put, "[t]here is no legal precedent giving a party the right to demand

2  discovery in a certain order, (or to withhold discovery from one party on account of

3  a discovery dispute with another party.  The Federal Rules of Civil Procedure do

4  not permit a party to make unilateral decisions regarding the sequence and timing of

5  depositions during discovery." *Russell v. Maman*, Case. No. 18-cv-06691-RS

6  (AGT), 2020 WL 5943844, *4 (N.D. Cal. Oct. 7, 2020).

### III.   PLAINTIFF'S CONCLUSION

       For the foregoing reasons, Plaintiff requests that the Court find that all of

BabyBjörn's objections to Plaintiff's Requests waived, and order BabyBjörn to

produce all responsive documents within 21 days.

DATED:  February ___, 2022      ANDRUS ANDERSON LLP

By:   */s/ Lori E. Andrus*

Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Leland H. Belew (SBN 293096)
leland@andrusanderson.com
155 Montgomery Street, Suite 900
San Francisco, CA  94104
Telephone:      (415) 986-1400
Facsimile:      (415) 986-1474

*Attorneys for Plaintiff O.T.*

11

266532726v.1

**DEFENDANT'S INTRODUCTION**

Fed. R. Civ. P. Rule 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Identifying the scope of discovery and the parameters of what is relevant to the specific facts of the case is of critical importance. Without it, Defendants BabyBjorn AB and BabySwede are prejudiced by not having adequate notice of the claims in the case and the defense is therefore impeded. Given Plaintiff's attempt to subpoena BabyBjorn's documents from BabyBjorn's retained consulting expert, the International Hip Dysplasia Institute and Orlando Health, prior to BabyBjorn interposing an answer or engaging in meaningful discussions regarding the discovery process, a determination of the appropriate scope and relevance of the requests is important. To date, Plaintiff has failed to present any objective evidence of product identification to support her claims, thereby placing the scope and relevance of the requested documents in both Plaintiff's discovery demands and the subpoenas in controversy. Despite BabyBjorn's good faith efforts to seek clarification of Plaintiff's claims and to discuss the disputed discovery, Plaintiffs have refused to engage in any further discussion. Being alerted to the standing issues created by the absence of product identification, Plaintiffs assert that BabyBjorn has waived its objections to its first set of discovery requests, despite the fact that BabyBjorn spent over an hour meeting and conferring with Plaintiff's counsel regarding its objections to the forty-six requests in general and also specific to 12 of

12

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

the demands.  These objections were memorialized by Plaintiff's counsel herself. (See Ex. "G") by correspondence dated December 22, 2021.  Given Plaintiff's lack of product identification and conflicting disclosures as set forth below, an analysis of the appropriate scope of what is relevant in discovery in this matter and proportional to the needs of this case is crucial.

**Plaintiff's Lack of Product Identification**

Plaintiff alleges that in 2012 the minor O.T. was carried in a BabyBjorn Original baby carrier from six weeks after her birth for significant periods of time until she was six months old. See Second Amended Complaint, (Doc. # 32).  This occurred eight years ago. Almost two years ago plaintiff commenced this action on May 19, 2020.  After almost two years of litigation against multiple BabyBjorn-related entities, including Plaintiff's voluntary dismissal of BabyBjorn Inc., two Amended Complaints and two motions to dismiss for lack of personal jurisdiction leading to the dismissal of Lillemor Design AB and BabyBjorn Holdings AB,  and a motion to dismiss denied without prejudice as respects BabyBjorn AB for lack of personal jurisdiction, Plaintiff still has yet to present any objective evidence to support that (1) the alleged baby carrier at issue was manufactured by BabyBjorn, (2) that there was  defect in the product ; and (2) that the minor O.T.'s alleged injuries were caused or contributed by her use of the alleged baby carrier for any period of time. Product identification is critical in this case since Plaintiff admits that she does not have the subject baby carrier. This spoliation by the Plaintiff creates an immediate

13

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

and irreparable prejudice to the Defendants in the defense of these claims. Defendants are not able to inspect or test the subject baby carrier to not only confirm that it is a BabyBjorn Original baby carrier, but also that it is not an imitation and has not been modified and/or misused.

BabyBjorn's attempts to verify Plaintiff's production identification simply casts further doubt instead of clarity on the issue. Plaintiff confirmed that to date, she has no photographs of the subject baby carrier or the minor O.T. being held in or using the subject baby carrier. Plaintiff confirmed that she possesses no packaging materials from the BabyBjorn, no baby registry listing and no proof of purchase. Plaintiff further refused to advise who purchased the subject baby carrier. Despite alleging in the Second Amended Complaint that the subject baby carrier was purchased by a "friend or family member residing in California", Plaintiff's Initial Disclosures fail to identify anyone except for the minor's parents as having discoverable information. (See Ex. "F")

In an effort to cure the absence of product identification, Plaintiff served BabyBjorn and BabySwede with Requests for Production seeking warranty and product registration for the subject baby carrier relative to the minor O.T.'s parents, Natalie and Sergio Trujillo, with alternate name of Natalie Del Real Trujillo. (See Ex. "I") BabyBjörn and BabySwede responded to Plaintiff's discovery requests confirming that there are no responsive documents to Plaintiff's requests. (See Ex. "J") Plaintiffs also provided Supplemental Initial Disclosures including photographs

14

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

of the "exemplar of the BabyBjörn "Original"".  (See Ex. H") Plaintiff states that it is "the same type of baby carrier that Plaintiff used." ("F") Plaintiff's production of these photographs do not support plaintiff's claim that the minor O.T. sustained injuries relative to the use of a BabyBjörn Original baby carrier for one simple fact: the baby carrier presented as Plaintiff's exemplar is not a BabyBjörn Original baby carrier. As set forth in the Declaration of Annika Sander-Löfmark, the product code on the exemplar presented Plaintiff corresponds to a different BabyBjörn baby carrier, the BabyBjörn Active.  This mistake not only highlights that Plaintiff has no product identification two years after the litigation commenced, but also begs the questions- what good faith basis did Plaintiff have to support the claim when she initiated the action two years ago? While BabyBjörn agrees with the Court that there appears to be a standing issue, there is significant issue as to the scope of discovery and what is relevant and proportional to the needs of the case. Defendants have voiced their concerns relative to each of the issues being briefed, i.e. Plaintiff's attempt to subpoena BabyBjörn's documents from non-parties, Plaintiff's failure to produce objective product identification and Plaintiff's refusal to continue to meet and confer.  Each have been called into question based on a common, significant issue: there is no objective evidence to support Plaintiff's claims against the Defendants.

//

//

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

## DEFENDANTS' ARGUMENTS

### I. Plaintiff Should Seek BabyBjörn's documents from BabyBjörn prior to enforcing the Subpoenas on Dr. Price, IHDI and Orlando Health Given the Disputed Issues Regarding Product Identification, Relevance and Privilege (Issue No. 2)

Prior to any discovery being propounded in this litigation, Plaintiff's served subpoenas dated September 21, 2022 on Dr. Charles Price, the IHDI and Orlando Health (the "Subpoenaed Parties").[10] (See Ex. "A")  On October 20, 2021 Defendants interposed their Answer to the Second Amended Complaint and set forth their objections to the subpoenas by letter dated October 20, 2022. (See Ex. "B")  Within the letter, Defendants took issue with not only the overbreadth of the scope of Plaintiff's requests on the non-parties, but also on the basis of relevance given that the action had just commenced and initial disclosures had yet to be exchanged.  An analysis of relevance was premature and remained to be determined.  Moreover, as evident from a plain reading of the Plaintiff's requests, Plaintiff was attempting to seek BabyBjörn's documents from a non-party prior to BabyBjörn responding to the Second Amended Complaint and prior to any discovery being propounded within the action. BabyBjörn further alerted Plaintiff to the long-standing relationship between Dr. Charles Price and BabyBjörn and that Dr. Price had been retained as a non-testifying consultant relative to this action. Given that Plaintiff was attempting to seek Dr. Price's research materials and opinions, the scope of the subpoena strayed

---

[10] These subpoenas were not issued by the Court in Florida, counsel for the subpoenaed agreed to accept service.

16

outside the permissible parameters under Fed. R. Civ. P. 45.

During an October 21, 2022 teleconference with BabyBjörn, Plaintiff and counsel for the Subpoenaed Parties, the undue burden placed on the Subpoenaed parties was raised. Not only were the Subpoenaed Parties tasked with gathering documents responsive to the subpoena – on the initial call, counsel advised that the subpoenaed parties had already spent 40 hours reviewing for potentially responsive documents- but the Subpoena Parties unduly burdened with having to speculate as to what if any documents are relevant to the action, prior to the parties even exchanging initial disclosures. The Subpoenaed Parties further provided Plaintiff with an Affidavit of Costs. (See Ex. "D") Moreover, counsel for the Subpoenaed Parties is aware of the discovery positions of the parties, the courts in two different states presiding over the subpoena issues and does not wish to run afoul of the directives of the Court in California or the confidentiality and privilege asserted by BabyBjörn. By letters dated October 25, 2021 and November 19, 2021, counsel for the subpoenaed parties reiterated the undue burden placed on her clients:

> Through discussion, we have been informed that the parties have not engaged in meaningful discovery, including initial discovery. Relevant information responsive to this request is likely within the possession of or equally available to Defendants in this matter. Despite the likely ease of discovery from Defendants, you instead have sought production of these categories from the Subpoena Respondents, placing the burden and costs on Subpoena Respondents rather than Defendants. *See, e.g. Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cl. 2005)(these requests all pertain to defendant, who is a party, and, thus, plaintiff can more easily and inexpensively obtain the documents from defendant,

17

266532726v.1

rather than from nonparty)*; see Dart Indus. Co., Inc., v. Westwood Chem. Co., Inc.,* 649 F.2d 646, 649 (9th Cir. 1980)(discovery restrictions may be even broader when target is nonparty); *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993)(affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty).

In further correspondence dated February 10, 2022, in response to Plaintiff's inquiry as to whether the Subpoenaed Parties are withholding documents counsel responded:

At this time, we are withholding documentation on the basis of the objections asserted in the November 19, 2021 letter, as well as those raised during prior conversations and communications between the parties.  As for the basis set forth in our November 19, 2021 letter, it remains unclear as to whether the initial discovery disputes have been resolved in the underlying litigation, including-but not limited to-whether or not Plaintiff must first seek documents from BabyBjörn, prior to seeking the documents from Subpoena Respondents; whether Plaintiff has identified the particular brand or model of the product at issue and, therefore, what is relevant to the underlying litigation; and whether Dr. Price will be disclosed as an expert in the underlying litigation.  It is Subpoenaed Respondents' position that these significant discovery disputes need to be resolved, by the issuing Court, prior to pursuing the subpoenas at issue, as the Court's ruling could impact the appropriateness of the subpoenas, generally or for specific requests.

Subpoenaed Counsel further asserted the following:

Moreover, many of the subpoenaed requests are identical to your subpoena requests in <u>R.R., Plaintiff v. Evenflo Company, Inc.,</u> Case No. 4:20-cv-3392-LB, United States District Court for the Northern District of California.  For these requests, we are not withholding information; rather, we are directing you to information already within your possession.

Subpoenaed Respondents maintain all objections to the subpoenas at issue and will respond to the pending Motion to Enforce when directed to do so by the Court, as it remains to be determined what Court will ultimately have jurisdiction over this Motion, in light of our Stipulation to Transfer Subpoena-Related Motion to the United States District Court, Central District of California, Western Division – Los Angeles.

18

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

(See Ex. "D")

Most recently, in response to Plaintiff's motion for enforcement in the Middle District of Florida, the subpoenaed parties filed a Stipulation to Transfer Subpoena-Related Motion to United States District Court, Central District of California, Western Division – Los Angeles dated February 7, 2022. (See Ex. "E")  In doing so, the subpoenaed parties not only meet the criteria that they consent to the transfer, but further argued that "exceptional circumstances" exist for the Court to transfer the subpoena-related motion.  Subpoenaed parties list the procedural posture of the underlying litigation, discovery issues pending before, or already resolved by the issuing court in the underlying litigation, including whether Plaintiff should seek documents first from BabyBjörn directly prior to seeking documents from non-parties; whether Plaintiff has identified the product at issue; and whether Dr. Price will be disclosed as an expert in the underlying litigation.

That the subpoenaed parties have to argue against enforcement on the basis that another Court is determining whether the Plaintiff should first seek documents within the action while the relevance of discovery requests and the confidentiality is still being determined creates an undue burden against a non-party to the action. Given that almost all of the requests seek BabyBjörn's documents, it is unfair and egregious to expect a non-party to have to jockey between the parties' positions, especially given that Dr. Price is BabyBjörn non-testifying consultant.

By letter dated October 20, 2022, Defendants raised their objections to

19

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

Plaintiff's subpoenas served on Dr. Price, the IHDI and Orlando Health. Plaintiff's subpoenas were served prior to any discovery occurring in this litigation. As set forth in the subpoena as well as Plaintiff's discovery requests, the demands are substantially similar. Plaintiff is therefore seeking potentially confidential documents directly from the third-parties prior to requesting them from BabyBjörn. Moreover, as Plaintiff has issued the subpoenas relative to this litigation, Plaintiff's entitlement to discovery from the third-party faces the same issues raised in this action – whether the documents requested are discoverable as any nonprivileged matter that is relevant. First, counsel for BabyBjörn, as well as counsel for Dr. Price, the IHDI and Orlando Health have raised their objections and that the issues should be resolved between BabyBjörn and Plaintiff prior to production. BabyBjörn therefore raised the issue with the District Judge and also the Magistrate for further clarification. Moreover, counsel for Dr. Price, IHDI and Orlando Health has stipulated to have the subpoena before the Court in California. The Subpoenaed Parties' reference to Plaintiff's counsel use of the subpoena to request documents already in Plaintiff's possession relative to other baby carrier litigation further emphasizes the undue burden placed on the Subpoenaed Parties, as well as the need to tailor the scope of discovery and relevance to the facts as presented.

//

//

//

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

266532726v.1

**II. Plaintiff's Failure to Produce Objective Product Identification, and Production of an Exemplar of a Different Baby Carrier Prejudices Defendants' Ability to Respond to Discovery and the Scope of <u>Discovery and What is Relevant Remains Unknown (Issue No. 3)</u>**

Under Fed. R. Civ. P. 26(b)(1) "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings <u>Id.</u> As such, the more narrow claim or defense standard applies unless good cause is shown by the party seeking the discovery to broaden the scope of discovery beyond material relevant to the claims or defenses. <u>In re REMEC, Inc. Sec. Litig.</u>, No. 04cv1948 JLS (AJB), 2008 U.S. Dist. LEXIS 47412, at *11 (S.D. Cal. May 30, 2008).

In the normal circumstance, the scope of discovery would appear to rely on Plaintiff's allegations, i.e. discovery relative to the product alleged in the Complaint. Here, however, prior to propounding discovery, Plaintiff served subpoenas on non-parties seeking discovery relative to not only the subject BabyBjörn Original baby carrier, but any and all documents from 2009 to the present relative to "BabyBjorn wearable baby carriers", "any and all communications from anyone affiliated with BabyBjorn AB or BabySwede", "any minutes and/or notes of meetings with any representatives of BabyBjorn", "any and all agreement between Orlando Health and

21

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

BabyBjorn", "any and all communications including but not limited to, correspondence, emails, texts and memoranda to/from any representatives of the Arnold Palmer Hospital for Children and relating to wearable baby carriers", "any and all agenda, minutes and/r notes of meetings with any representatives of the Baby Carrier Industry Alliance" and others. (See Ex. "A")

During the October 21, 2022 meet and confer, Plaintiff's counsel advised that she does not have the subject baby carrier. She advised that she thinks she has pictures, but she definitely does not have the carrier.  She also confirmed that she has no packaging. Plaintiff then served BabyBjorn with 46 Requests for Production requesting "any and all documents relative to BabyBjörns baby products", etc.  Given the overbreadth of Plaintiff's requests, counsel raised its objections during the telephone calls with counsel regarding the subpoenas, the December telephone conversations as well as more deeply in the December 20 meet and confer.  Only Requests 1 through 12 out of 46 were discussed, with both parties, as set forth in plaintiff's letter, intending to continue the discussions in good faith.  (See Ex. "G")

The issue of relevance is crucial in this litigation, as BabyBjorn's ability to defend itself is prejudiced by the lack of product identification.    To date, Plaintiff has not produced any objective evidence connecting BabyBjörn to the alleged injury sustained by the Plaintiff.   Plaintiff does not have the subject baby carrier. BabyBjörn's defense has been irreparably prejudiced by the inability to inspect the baby carrier at issue. There are no photographs, no evidence of a proof of purchase,

22

no evidence of a baby registry and no evidence to establish that the subject baby carrier was even purchased in the State of California.

Most recently during a January 21, 2022 telephone call, given Plaintiff's allegation that the subject baby carrier was purchased by a friend or family member, BabyBjörn inquired as to the identity of the purchaser of the baby carrier.  Plaintiff refused to respond.  Instead, Plaintiff served a second set of Requests for Production on BabyBjörn and BabySwede relative to product registration and warranty information.  BabyBjörn and BabySwede each confirmed what has already been relayed to Plaintiff's counsel: neither defendant possess any documents responsive to these demands. It is not up to BabyBjörn to resolve Plaintiff's "ailment".  What is increasingly more evident is that Plaintiff commenced an action almost two years ago against what she perceived to be multiple BabyBjörn-related entities and is yet unable to establish a connection between the allegations in the Complaint and the named defendants.

Highlighting Plaintiff's product identification failure is Plaintiff's Supplemental Initial Disclosures whereby Plaintiff produces photographs of "[a]n exemplar of the BabyBjorn "Original" baby carrier" of the same type used by the Plaintiff.  (See Ex. "I") Upon review, BabyBjörn's Global Head of Communications at the Global Marketing Department, who has first-hand knowledge of BabyBjörn's baby carriers and the product codes that are used to identify its various models of baby carries attests that based on the product code depicted in the photographs, the exemplar is

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

not a BabyBjörn "Original" baby carrier, it is a BabyBjörn baby carrier "Active." Plaintiff's own disclosures destroy the relevance of Plaintiff's discovery requests to not only BabyBjörn and BabySwede, but also relative to the non-party discovery, and ultimately her standing to bring the instant lawsuit.

Where proof of either relevance or need is not established, discovery is properly denied. <u>Am. Std. Inc., v. Pfizer, Inc.</u>, 828 F.2d 734, 743 (Fed. Cir. 1987). Discovery may not be had unless it is relevant to the subject matter of the pending action. <u>Micro Motion, Inc. v. Kane Steel Co.</u>, 894 F.2d 1318, 1323 (Fed. Cir. 1990). However, "[e]ven if relevant, discovery is not permitted where no need is shown." <u>Id.</u> at 1323. Here, Plaintiff has failed to produce any objective evidence whatsoever that the discovery requests made are relevant to her claim or proportional to the needs of the case.  She has a presented an exemplar of a baby carrier that is not even the baby carrier she has placed at issue.  Absent a good faith objective showing of relevance, Plaintiff's requests for production are improper. Fed. R. Civ. P. Rule 26(b)(1).

### III.  No Waiver Occurred as BabyBjorn Has Raised its Objections and the Parties Were in the Midst of Meeting and Conferring (Issue No. 4)

Plaintiff makes many assertions against counsel for BabyBjörn, but does not provide the full scope of the communications between counsel. The bottom line is that the parties were in the midst of meeting and conferring with BabyBjörn already having objected to Plaintiff's Requests for Production Set One, with the

24

---

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

understanding that discussions would continue to occur. Defendant's counsel tried to contact Plaintiff's counsel multiple times in December to discuss the discovery requests but also the change in handling attorneys, only to be told that Plaintiff's counsel was on vacation and she was unreachable and no one else had the authority to extend the timeline.  Counsel spoke to Leland Belew on December 1, 2021. Plaintiff's counsel has been aware of BabyBjörn's objections to the scope of the discovery, relevance, and potential privileges from the point of first contact and Plaintiff's participation in conversations with third-parties' counsels relative to the subpoenas. (See Ex. "B") Moreover from the first contact, Plaintiff's counsel was made aware that not only was BabyBjörn's offices closed until the middle of January, but that counsel was also going on vacation and would only formally return to the office after the initial conference.  With counsel's persistence, an extension was given until January 10th, with the understanding that a meet and confer would be had with Plaintiff's counsel when she returned from vacation. The meet and confer commenced on December 20th, but was adjourned based on Plaintiff's counsel's time constraints. The parties were only able to meet and confer regarding twelve of the 46 requests. The parties discussed discovery continuing on a staggered basis and that given that BabyBjörn's offices were closed for the holidays, it would be impossible any substantive responses to be provided until the documents could be gathered and reviewed and a privilege log provided.  Counsel advised that in lieu of providing blanket responses, counsel would like in good faith to discuss the objections and

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

come to an agreement as to the scope of the requests and responses. Moreover, the responses would require a protective order to be entered into and that the earliest perceivable time would be the end of January.

Plaintiff's counsel reference to December 27th as an additional date was in vain, as Plaintiff's counsel had been informed that counsel was out of the country on vacation and BabyBjörn's offices were closed. Plaintiff's counsel was advised that counsel would not return until after the first week of January. Despite being out of the office, BabyBjörn's counsel made herself available to negotiate the stipulated protective order so that when the order was finalized, discovery would not be impeded. While on vacation BabyBjörn's counsel called-in for the initial conference.

At the January 3, 2022 discovery issues were raised and directed to the Magistrate. Within the Proposed Discovery Schedule BabyBjörn had referenced that the earliest BabyBjörn could provide meaningful responses was January 31, 2022 after entry into a stipulated protective order and further meetings regarding the scope of the discovery. Judge Scarsi advised that the discovery cut off was July 2023. At no point did Judge Scarsi direct plaintiff to renege on any discovery extension or to refuse to any further meet and confer, which is exactly what Plaintiff's counsel did. When counsel contacted Plaintiff's counsel regarding the discovery requests she advised that no further discussion would occur as "it's time to take it to the Judge."

Plaintiff counsel's position in refusing to meet and confer, and then attempting to nullify Defendants' good faith efforts and renege on any understanding of an

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

extension should not be permitted. Given Defendant's inquiry into bringing a dispositive motion based on Plaintiff's lack of evidence, Plaintiff is now asserting, without basis, that BabyBjörn waived its objections. At no point in time has a waiver occurred. BabyBjörn seeks to clarify the scope of discovery and the relevance of the requests so that they are proportional to the needs of the case as set forth in Fed. R. Civ. Proc. R. 26(b)(1). This is a significant as it appears that Plaintiff is seeking to obtain product identification through BabyBjörn documents. Specifically, Plaintiff asserts that the "ailment" of lack of product identification may be cured with her requests to BabyBjörn and BabySwede regarding warranty and product information. This further highlights Plaintiff's lack of standing in the absence of evidence to support her claim. As set forth in BabyBjörn and BabySwede's responses to Plaintiff's requests for product registration and warranty information, there is no product registration, communications or warranty information relative to Sergio Trujillo or Natalie Trujillo or Natalie Del Real. (See Ex. "I") Plaintiff's position is further silent as to any response from third-party subpoenas served on the alleged servicers of the now defunct Babies "R" Us baby registries which were returnable January 21, 2022. Surely if the alleged baby registry was produced, Plaintiff would have referenced it in her position arguments. Plaintiff cannot in good faith make a waiver argument when Plaintiff refuses to meet and confer and the discussions were intended to be continuing. From its first appearance in this action, BabyBjörn has acted in good faith in its willingness to be fully engaged and meet and confer

27

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

regarding all issues.  Significant questions have arisen relative to the scope of discovery and the parameters of what should be deemed relevant.  Given Plaintiff's production of an exemplar that is not the subject baby carrier for which she initiated this matter two years ago, calling into further question what is relevant and proportional to the needs of the case, any assertion that BabyBjörn's objections, which have already been asserted, have been waived should be disregarded.

DATED:  February ___, 2022          WILSON ELSER MOSKOWITZ
                                    EDELMAN & DICKER LLP

                                    By:_____

                                         Gary S. Pancer (SBN 160223)
                                         gary.pancer@wislonelser.com
                                         Suma S. Thomas (*pro hac vice*)
                                         suma.thomas@wilsonelser.com
                                         Peter Chu (SBN 251705)
                                         peter.chu@wilsonelser.com
                                         WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP
                                         555 S. Flower Street, Suite 2900
                                         Los Angeles, CA 90071
                                         Telephone: (213) 330-8741
                                         Facsimile: (213) 442-5100

                                         Attorneys for Defendants
                                         BabyBjörn AB and BabySwede, LLC

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

266532726v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

29

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

1

## **ECF ATTESTATION**

I, Lori E. Andrus, hereby attest, pursuant to United States District Court, Central District of California Civil Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from the signatory above.

Date: February 16, 2022

By:

_____
Lori E. Andrus

ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474

*Attorneys for Plaintiff*

_____

30

JOINT STIPULATION REGARDING DISCOVERY DISPUTES

266532726v.1