E. Paul Dougherty, Jr. (SBN 182138)
Paul.Dougherty@wilsonelser.com
Francis P. Manchisi (*pro hac vice* pending)
Francis.Manchisi@wilsonelser.com
Peter K. Chu (SBN 251705)
Peter.Chu@wilsonelser.com
Suma S. Thomas (*pro hac vice*)
Suma.Thomas@wilsonelser.com

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
555 S. Flower Street – Suite 2900
Los Angeles, CA 90071-2407
Telephone: (213) 443-5100
Fax:          (213) 443-5101

Attorneys for Defendants
BabyBjörn AB and BabySwede, LLC

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| O.T., through her guardian *ad litem*, <br><br> Plaintiff, <br><br> v. <br><br> BABYBJÖRN AB, and BABYSWEDE, LLC,, <br><br> Defendants. | Case No. 2:20-cv-04517-MCS-KS <br> Hon. Judge Mark Scarsi <br> Courtroom 7C <br> Complaint Filed: May 19, 2020 <br><br> **DECLARATION OF SUMA S. THOMAS** <br><br> **Date: May 18, 2022** <br> **Time: 10:00 a.m.** <br> **Judge: Hon. Karen Stevenson** <br> **Courtroom: 580** |

1
DECLARATION OF SUMA S. THOMAS
270366913v.1

# DECLARATION OF SUMA S. THOMAS

I, Suma S. Thomas, declare as follows:

1. I am an individual, over the age of eighteen, residing in the County of Westchester, New York. I am an associate in the law firm Wilson Elser Moskowitz Edelman & Dicker LLP, and I have been duly granted *pro hac vice* admission to practice in this case. As one of the attorneys for defendant BabyBjörn AB ("BabyBjörn"), the following facts are within my personal knowledge or, where stated on information and belief, I believe those statements to be true and correct. If called upon as a witness in this matter, I could and would testify competently thereto under oath.

2. BabyBjörn AB hereby opposes Plaintiff's Motion for Sanction based on the facts and arguments that follow.

### A. BabyBjörn's Position Was Substantially Justified as There Were Genuine Discovery Issues Brought to the Court's Attention.

3. By Order dated April 4, 2022, this Court set forth that the "Plaintiff may bring a regularly noticed motion, with appropriate supporting documentation, for an award of its reasonable expenses, including attorney's fees, in making the instant Motion to Compel." (Dkt. No. 102).

4. Such an award is unwarranted if the court determines that the opposing party's nondisclosure was substantially justified, or that other circumstances make an award of expenses unjust. Fed. R. Civ. Proc. 37(a)(5)(A)(ii)(iii).

5. BabyBjörn's delay in disclosure was substantially justified based on the genuine discovery issue brought before the Court. Fed R. Civ Proc. 37(a)(4) *notes*.

6. Prior to counsel seeking the Court's guidance, BabyBjörn was actively engaged and participating in discussions with Plaintiff's counsel regarding discovery.

7. That there was a discovery dispute between the parties was first brought to the attention of Judge Scarsi by way of the Joint Report, and then discussed with the Court at the Initial Conference on January 3, 2022.

8. At all times before this conference, BabyBjörn was actively engaged in discussions with Plaintiff's counsel relative to the Requests for Production, but also the pending subpoenas served on BabyBjörn's expert, Dr. Charles Price, with the International Hip Dysplasia Institute and Orlando Health.

9. Even after the Joint Report was submitted, and prior to any Scheduling Order being issued, BabyBjörn advised Plaintiff's counsel of the need to further discuss the disputed aspects of the Requests For Production and the limitations posed by the holidays and, further, with the European holiday schedule, that BabyBjörn's office were closed until the middle of January.

10. The Joint Report submitted to the Court reflects BabyBjörn's intention to fully engage in the document production with consideration given to the scope of the discovery demands. (Dkt. No. 63 15:16). BabyBjörn's intention to engage in a rolling document production after entry into a Stipulated Protective Order is set forth in the Joint Report. (Dkt. No. 63 15:17-21).

11. BabyBjörn's further acts of good faith in the discovery process are illustrated by counsel's continued discussions and negotiations during the stated holiday time period, during which BabyBjörn's offices were closed for the holidays. BabyBjörn's expectation was that after the parties' agreement to a Stipulated Protective Order and/or after the Court had determined the scope, discovery would proceed without delay.

12. During these discussions, the parties came to an impasse with certain language in the Stipulated Protective Order and therefore sought the Court's

assistance. During the January 3, 2022 Scheduling Conference, the District Judge Scarsi directed the parties to bring their discovery dispute up with the Magistrate.

13. Without an agreed-to Stipulated Protective Order in place and a discovery conference before the Magistrate Judge Karen Stevenson, BabyBjörn was acting in good faith in its belief that responses were not due before a Protective Order was in place and the Court had provided guidance on the discovery issues raised in the conference with the Magistrate Judge Stevenson on January 28, 2022.

14. It was during the time that Magistrate Judge Stevenson directed briefing on these very discovery issues and the parties were engaged in this process when Plaintiff filed the motion to compel. A ruling on the Protective Order would have significant impact on the scope and the designation of the documents as confidential. Moreover, Plaintiff's counsel had been advised that BabyBjörn's offices were closed and therefore responses to the 46 requests would be impossible until after the European holidays.

15. Upon the Court's guidance on the disputed language of the Stipulated Protective Order, BabyBjörn agreed to its terms and was awaiting the Court's further guidance on the scope of the discovery to be exchanged.

16. It was only after the parties submitted the joint email of January 25, 2022 to the Magistrate Judge Stevenson for the January 28, 2022 conference that BabyBjörn had any indication that Plaintiff would seek to argue waiver of objections. At all times, BabyBjörn was actively discussing the discovery issues with the Plaintiff and the Court. Indeed, at the January 28th conference, Magistrate Judge Stevenson directed further briefing on the discovery issues – not a motion to compel. In fact, by email dated January 31, 2022, Plaintiff's counsel acknowledged that the parties were to negotiate a joint stipulation on the discovery issues, not a motion to compel. A true and correct copy of said email dated January 31, 2022 is attached and incorporated herein by reference as Exhibit "A."

17. BabyBjörn would have sought timely extension if it considered the January 7, 2022 date to be an absolute deadline. Counsel for BabyBjörn had made clear to Plaintiff's counsel, as well as the Court, that a January 7, 2022 deadline was not realistic, considering that BabyBjörn's offices were not even open and that the meet and confer during which the parties were agreeing to the parameters of the discovery had not concluded. The parties had also discussed the exchange of a privilege log and/or portions of BabyBjörn's materials by the end of January. These points were clearly expressed at the January 28, 2022 hearing.

18. It was reasonable for BabyBjörn to consider its time to respond to be extended, given the continuing discussions with counsel on the scope of the documents to be produced and the Court's request for briefing specific issues central to the production of documents. Rather than continuing to engage in further discussion, Plaintiff filed the motion to compel.

19. The parties continued communications with no indication of a perceived deadline having passed. The only Court order applicable to the fact discovery deadline was the Court's Scheduling Order. The deadline for the production of documents was not ordered during any of the conferences.

20. That waiver was not even considered is emphasized by the parties' discussion on January 21, 2022 to further address the discovery issues. There would have been no point to such discussion if the deadline had already passed.

21. The conference on January 28, 2022 with Magistrate Judge Stevenson was not requested as a pre-motion conference, but rather as an informal conference seeking guidance relative to a number of issues, including the language of the Stipulated Protective Order and scope of Plaintiff's 46 Requests for Production. During the January 28, 2022 conference with the Magistrate Judge Stevenson, the Court stated that there were grey areas and therefore requested briefing. This briefing did not arise from Plaintiff's request for a motion to compel, but at the Court's request. Before the briefing occurred, Plaintiff filed the motion to compel.

22. That Plaintiff had this same understanding is demonstrated by Plaintiff's request for BabyBjörn to initiate the Joint Briefing rules when Plaintiff's counsel wrote in an email dated January 31, 2022 requesting "Please also let me know when you anticipate circulating a draft of the Joint Stipulation regarding the other discovery issues discussed with Judge Stevenson last Friday." *See Exhibit A*. In other words, no motions to compel was contemplated as the parties were in discussions.

23. At the Court's direction, BabyBjörn readily agreed to the Stipulated Protective Order with the expectation that after the Court had determined the scope, production would begin.

24. It was when the parties came to an impasse as to the breadth and scope of Plaintiff's 46 Requests for Production that a joint request for an informal conference was made to the Court. The conference with the Court was not requested separately by the Plaintiff, but jointly by the parties seeking the Court's guidance in the discovery disputes.

25. In the midst of this discovery dispute, Plaintiff supplemented her Initial Disclosures with a photograph of what she represented was an exemplar of the subject baby carrier that was used by the Plaintiff. This further emphasized the need for the Magistrate Judge Stevenson's guidance as to the proper scope of the 46 Requests for Production as the photograph did not depict the subject baby carrier upon which this action was commenced. Accordingly, BabyBjörn sought specific guidance from the Court as to how to handle it.

26. BabyBjörn never represented that it would not provide documents. It merely sought the Court's guidance.

27. BabyBjörn did not want to provide blanket responses. Guidance was sought on this unique issue of production. Instead of continuing the negotiation, plaintiff moved to compel and asserted waiver. BabyBjörn's action in seeking the

Court's assistance was substantially justified and reasonable so as to render the award of sanction unjust.

### B. An Award of Attorney's Fees is Unwarranted and Plaintiff's Fees are Unreasonable

28. The Court's invitation for an award of fees was limited to the cost for the motion to compel only and not for the within motion for an award of fees and costs. (See Dkt. No. 102).

29. Plaintiff's reference to costs and efforts incurred prior to the motion to compel should be disregarded. Contrary to Plaintiff's representations, this matter is not a very complicated case. Plaintiff seeks personal injuries from the alleged use of a baby carrier. The exact extent of the injuries remains to be seen, but it is a basic product liability case.

30. Plaintiff's moving papers and Declaration of Lori E. Andrus do not include any supporting expert declarations to justify the fees sought. Counsel cites to the cases in United States District Court in Northern District, when the relevant community for this case should be the Central District, not Northern District of California.

31. Costs and expenses for this motion for sanctions and the reply brief should not be considered. All fees and expenses after March 9, 2022 when final brief was completed in the motion to compel should be disregarded. They were not authorized by the Court's Order. According to Plaintiff's log, a total of 13.9 hours, plus any hour plaintiff asserts for drafting reply papers or preparing for hearing should be excluded.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed April 27, 2022 in White Plains, New York

_____
Suma S. Thomas

EXHIBIT "A"

# Chu, Peter

| | |
|---|---|
| **From:** | Lori Andrus <lori.andrus@andrusanderson.com> |
| **Sent:** | Monday, January 31, 2022 10:48 AM |
| **To:** | Thomas, Suma S.; Chu, Peter; Cho, Jamie H.; Pancer, Gary S. |
| **Cc:** | Leland Belew; Audrey Siegel; Evelyn Rodas |
| **Subject:** | O.T. v. BabyBjorn |
| **Attachments:** | Draft Stipulated Protective Order 2022.01.31 Redline.docx; Draft Stipulated Protective Order 2022.01.31 Clean.docx |

**[EXTERNAL EMAIL]**

Suma and Peter -

Here is a revised draft (clean and redlined) of the Stipulated Protective Order, per Judge Stevenson's Minute Order.  If these changes are acceptable, please let me know so we can get this on file today.

Please also let me know when you anticipate circulating a draft of the Joint Stipulation regarding the other discovery issues discussed with Judge Stevenson last Friday.

Lori

**ANDRUS ANDERSON** LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
T: 415.986.1400
F: 415.986.1474
www.andrusanderson.com

CONFIDENTIALITY NOTICE: This email message may contain privileged and confidential information protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this e-mail message in error, please e-mail the sender at contact@andrusanderson.com.

# CERTIFICATE OF SERVICE

**USDC – Central District Case No.: Case No. 2:20-cv-04517-MCS-KS**

WEMED 00955.00090

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

On April 27, 2022, I served true copies of the following document(s) described as **DECLARATION OF SUMA S. THOMAS** on the interested parties in this action as follows:

[X]   **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on April 27, 2022, at Los Angeles, California.

/s/ Peter K. Chu

Peter K. Chu