E. Paul Dougherty, Jr. (SBN 182138)
Paul.Dougherty@wilsonelser.com
Francis P. Manchisi (*pro hac vice*)
Francis.Manchisi@wilsonelser.com
Peter K. Chu (SBN 251705)
Peter.Chu@wilsonelser.com
Suma S. Thomas (*pro hac vice*)
Suma.Thomas@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
555 S. Flower Street – Suite 2900
Los Angeles, CA 90071-2407
Telephone:   (213) 443-5100
Fax:              (213) 443-5101

Attorneys for Defendants
BabyBjörn AB and BabySwede, LLC

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| O.T., through her guardian *ad litem*,<br><br>Plaintiff,<br><br>v.<br><br>BABYBJÖRN AB, and BABYSWEDE, LLC,,<br><br>Defendants. | Case No. 2:20-cv-04517-MCS-KS<br>Hon. Judge Mark Scarsi<br>Courtroom 7C<br>Complaint Filed: May 19, 2020<br><br>**BABYBJÖRN AB'S RESPONSE TO SUPPLEMENTAL DECLARATION OF LORI E. ANDRUS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Hearing Date: May 18, 2022<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Karen Stevenson |

## I.       Introduction

Pursuant to this Court's Order on Plaintiff's Motion for Sanctions, BabyBjörn AB ("BabyBjörn") submits the following in Response to the Declaration of Lori E. Andrus In Support of Plaintiff's Motion for Sanctions. Plaintiff now seeks $41,482 in fees relative to the motion to compel. As set forth below, not only is an award of fees unjust, and unwarranted but the hourly rate and number of hours spent on drafting the motion to compel, are excessive.

## II.      An Exception Deems An Award Of Sanctions Unwarranted

Distinct from the determination on the Motion to Compel, a separate analysis must be made as to whether an award is warranted on the Motion for Sanctions. The Court granted Plaintiff's motion to compel and determined that a waiver was warranted regarding BabyBjörn's objections.  As a result, BabyBjörn was ordered to produce in excess of 53,000 pages of documents and over 61 videos on an expedited schedule. Here, an independent determination must be made to as to whether, in addition to the award granted, i.e. the expedited production of documents without objections, sanctions are appropriated and warranted. The test is substantial justification and circumstances mitigating against sanctions.  Both apply to this case.  Here, BabyBjörn has not violated any court order or acted in bad faith.  Upon the Court's setting of the scope of discovery for the 46 Requests, BabyBjörn produced all documents. Where there is a genuine discovery dispute, a losing party is substantially justified in carrying the matter to the court. Fed. R. Civ. P. 37(a) (5) (A) (ii) (iii). Since the facts support justification and special circumstances, BabyBjörn respectfully seeks the denial of the Plaintiff's request for an award.

In *Strategic Partners, Inc., v. Figs, Inc.*, Case NO. CV 19-2286-GW-(KSx), 2020 WL 3064440, (C.D.Cal, April 29, 2020), Plaintiff sought recovery of $13,193.50 in attorney's fees. Plaintiff was awarded fees in the amount of $8,914.70 and denied fees on the motion for sanctions. There the parties were

litigating an unfair business practice action where the opposing party to a motion to compel refused to provide financial data and made the joint stipulated order process more difficult. Here, at all times BabyBjörn acted in good faith in seeking guidance from the Court as to the scope of discovery and produced documents after the scope was set by the Court.

In *Laub v. Horbaczewski*, Case No. CV 17-6210-JAK(KSx), 2020 U.S. Dist. LEXIS 259612 (C.D. Cal. January 7, 2020), distinct from the case at bar, the opposing party to a motion to compel was less than forthright in its disclosures. BabyBjörn's conduct in this case is clearly distinguishable from that of the opposing party in *Laub* and does not warrant the granting of the fee motion or the amount of fees sought by Plaintiff. Based on this assessment, an award of fees is not warranted.

## III.    The Fees Sought Fall Outside the Parameters Set By the Court.

The Court's April 4, 2022 Order explicitly set forth that "Plaintiff may bring a regularly noticed motion, with appropriate supporting documentation, for an award of its <u>reasonable</u> expenses, including attorney's fees <u>in making the instant Motion to Compel.</u>" The Court specifically limited Plaintiff's potential recovery to only the fees associated with the Motion to Compel, not for the instant Motion for Fees.  In good faith, BabyBjörn provided all responsive documents once the Court had determined the scope.  Therefore, to the extent the Court deems an award of fees warranted, all time entries after the March 9, 2022 "finalize supplemental brief" must be excluded from any consideration.

## IV.    The Rate Requested Is Excessive

The $900 rate requested by Plaintiff's counsel is exorbitant. In determining the reasonable hourly rate of the prevailing attorney, the Court must look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, expertise and reputation." *Camacho v. Bridgeport Fin., Cin.*, 523 F.3d 973, 979 (9th Cir. 2008). According to *Salazar v. Glenn E. Thomas Co.* the

3

median hourly rate for general product liability litigation, as this case here, was $300 for partners and $235 for associates, and less for a firm of fewer than 50 people, just as the Plaintiff's counsel's firm. *Salazar v. Glenn E. Thomas Co.* (C.D.Cal. Nov. 5, 2021) 2021 U.S.Dist.LEXIS 219981, at *28-30. (citing 2020 Wolters Kluwer Real Rate Report ("Real Rate Report") at 85 and 87). According to the same Real Rate Report, general liability litigation partners with 21 or more years of experience charged a median hourly rate of $375 and partners with fewer than 21 years of experience charged a median hourly rate of $343. *Id*. Absent expert evidence to support Plaintiff's requested rate, any award should be assessed based on the Rate Report

## V.    The Fees Requested Are Excessive

The Court's concern as expressed at the May 18th hearing regarding the number of hours Plaintiff's seeks to be awarded in fees is well-justified. Plaintiff's request is improper in that it falls outside the parameters set forth in the Court's order. (Doc. #102). Plaintiff's request is also excessive in the amount of fees requested. Reviewing Plaintiff's ledger, all entries after the March 9, 2022 "finalize supplemental brief" must be excluded from any calculation. Therefore, a reduction of 20.8 hours between April 4, 2022 and April 28, 2022 is necessary. Any hours sought for a reply/response should further be rejected as not authorized under the Court's order and unwarranted given the exception to the award for sanctions existing in this case.

Based on Plaintiff's representations that she is the only one at her firm working on this case, a reduction of Plaintiff's April 4, 2022 entry of 0.3 for "review order on motion to compel; email team re same" is necessary. Plaintiff's counsel repeatedly stated that only she was working on the case at her firm and that Leland Belew no longer works with the firm.

Also improper is Plaintiff's arbitrary 1/3 reduction of fees based on the number of pages briefed. Calculating a fee award based on number of pages is

overly mechanical. *See Strategic Partners, Inc. v. Figs, Inc., supra* at 25.  Plaintiff fails to follow the Court's direction to identify "by highlighted or shaded indicators any hours billed in connection with the parties' dispute concerning the stipulated protective order and/or any other tasks not directly connected to the Motion." By reducing the hours, instead of shading them, Plaintiff seeks recovery of unrelated fees.  Plaintiff also block bills for research and drafting, rendering it impossible to determine whether it was for drafting or research (1/31, 2/2, 2/5, 2/6).  Prior to the 3/9 cutoff date for the motion to compel, Plaintiff spent 20.7 hours researching for the motion to compel.  Not only is this an excessively large number of hours for a motion to compel, and seemingly unwarranted and unreasonable, but such research is usually done by an associate or paralegal.

Plaintiff now seeks an award of 47.3 hours of fees at a rate of $900/hr. This includes the 20.8 hours for the sanction motion, or $18,448.  Subtracting the fees relative to the motion for sanctions, the total number of hours for the motion to compel is 26.5.  At a reasonable rate prevailing in the community, as set forth in the Rate report of $300, the most Plaintiff should be requesting is $7,950.  Such reduced award is supported by *this* Court. (*See Strategic, supra*, at 28, awarding $8,914.70 as fees for a motion to compel); *Dish Network, LLC v. Jadoo Tv, Inc.*, 2019 U.S. Dist. LEXIS 221869 (award of $10,226.25 in fees for motion to compel).  Given the Court's direction permitting Plaintiff to move for reasonable fees on the motion to compel only, and considering the lack of bad faith on the part of BabyBjörn as constituting an exception to an award of fees, BabyBjörn respectfully requests that the motion for sanctions be denied in its entirety.  To the extent the Court considers fees to be warranted, BabyBjörn submits that the maximum reasonable recovery to be considered is $7,950.00.

Dated: May 23, 2022

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: *Suma S. Thomas*
E. Paul Dougherty
Francis. P. Manchisi
Suma S. Thomas
Peter K. Chu
Attorneys for Defendants
BabyBjörn AB and BabySwede. LLC

6